# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL DICKSON, <br> AIS # 55289, <br>     Petitioner, <br><br> v. <br><br> SAM HOUSTON, *Deputy Warden,* <br> *Mobile County Metro Jail*, <br>     Respondent. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO. 1:21-00231-TFM-N <br> ) <br> ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

Petitioner Michael Dickson ("Dickson"), an Alabama prisoner proceeding without counsel (*pro se*), initiated his action by filing a civil action, construed by the Court as a petition for habeas corpus pursuant to 28 U.S.C. § 2254.[1] (Doc. 1). After the Court warned Dickson of its intent to construe the civil action as a § 2254 petition (Doc. 3), Dickson filed an amended petition on the Court's form. (Doc. 4; *see also* Doc. 6). The District Judge assigned to this case referred the petition to the undersigned Magistrate Judge for appropriate action. *See* S.D. Ala. GenLR 72(b); (6/16/2021 electronic reference). Under S.D. Ala. GenLR 72(a)(2)(R), the undersigned is authorized to require responses, issue orders to show cause and any other orders necessary to develop a complete record, and to prepare a report and recommendation to the District Judge as to appropriate disposition of the petition, in accordance with

---

[1] Because Dickson challenges criminal judgments handed down by a state court within this judicial district, *see* 28 U.S.C. § 81(c), this Court has jurisdiction to entertain his habeas petition. *See* 28 U.S.C. § 2241(d).

28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the assigned judge "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon preliminary review of the present petition, the undersigned finds that it plainly appears Dickson is not entitled to relief because, based on the information alleged, he has not exhausted his state court remedies prior to filing the present habeas petition. However, the undersigned finds that the petition is not procedurally barred because Dickson might still be able to exhaust his claims in state court. Accordingly, the undersigned **RECOMMENDS** that Dickson's habeas petition (Doc. 4) be **DISMISSED without prejudice** for failure to exhaust his state court remedies.

## I. Background

In November 2020, Dickson pleaded guilty to a violation of the terms of his probation and was sentenced to one year in a state correctional facility. (*See* Doc. 4, PageID.24). Dickson appealed this sentence. (Doc. 6, PageID.44). However, Dickson claims that his attorney withdrew his appeal without his consent. (Doc. 4, PageID.26; Doc. 6, PageID.45). Dickson then claims that the appellate court denied his petition for a rehearing due to "time limitations . . . ." (*See* Doc. 4, Page ID.26). Dickson did not file a petition for a writ of certiorari to the Supreme Court of Alabama. (Doc. 4,

PageID.26). Dickson also did not initiate any collateral review proceedings challenging the subject criminal judgment in state court prior to filing the present amended § 2254 petition on June 16, 2021. (Doc. 4, PageID.26).

## II. Analysis

A. Exhaustion

Based on Dickson's representations in his § 2254 petition (Doc. 4; *see also* Doc. 6), the present action is due to be dismissed because he failed to exhaust his state court remedies.

> Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition. The exhaustion doctrine, first announced in *Ex parte Royall,* 117 U.S. 241, 6 S. Ct. 734, 29 L. Ed. 868 (1886), is now codified at 28 U.S.C. § 2254(b)(1) . . . .

*O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).[2] "Section 2254(c) provides that a habeas petitioner 'shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented.' " *Id.* at 844. "Because the

---

[2] Section 2254 provides that, generally, "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ." 28 U.S.C. § 2254(b)(1)(A). Though this exhaustion requirement may be excused "if there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant[,]" *see id.* § 2254(b)(1)(B)(i)–(ii), nothing in the record supports a determination that those exceptions apply in this case.

3

exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Id.* at 845. Moreover, "federal courts may treat unexhausted claims as procedurally defaulted, even absent a state court determination to that effect, if it is clear from state law that any future attempts at exhaustion would be futile." *Bailey v. Nagle*, 172 F.3d 1299, 1305 (11th Cir. 1999) (per curiam).

Dickson's petition challenges his November 2020 revocation judgment. (*See* Doc. 4, PageID.25–26). As detailed above, Dickson did not petition the Supreme Court of Alabama for a writ of certiorari. Dickson also did not attempt to challenge the subject criminal judgment on collateral review under Alabama Rule of Criminal Procedure 32, which permits an Alabama prisoner to petition "the court in which the petitioner was convicted[,"] Ala. R. Crim. P. 32.5, for appropriate relief from his conviction on a number of grounds, including that "[t]he constitution of the United States . . . requires a new trial, a new sentence proceeding, or other relief." Ala. R. Crim. P. 32.1(a). Alabama Rule 32 is the sole mechanism under which a prisoner can collaterally attack his criminal judgment in Alabama state court. *See* Ala. R. Crim. P. 32.4 ("A proceeding under this rule displaces all post-trial remedies except post-trial motions under Rule 24 and appeal."). Dickson did not "invoke one complete round of the State's established appellate review process," *O'Sullivan*, 526 U.S. at

4

845, either on direct review or on collateral review through Alabama Rule 32. As a result, he failed to exhaust the claims in his habeas petition.

Subject to inapplicable exceptions, an Alabama prisoner must file an Alabama Rule 32 petition no later than the following: "(1) In the case of a conviction appealed to the Court of Criminal Appeals, within one (1) year after the issuance of the certificate of judgment by the Court of Criminal Appeals under Rule 41, Ala. R. App. P.; or (2) in the case of a conviction not appealed to the Court of Criminal Appeals, within one (1) year after the time for filing an appeal lapses . . . ." Ala. R. Crim. P. 32.2(c). Dickson did not file a Rule 32 petition challenging the revocation judgment, and he was sentenced by the Mobile County District Court in November 2020.

Accordingly, the deadline for Dickson to petition for relief under Alabama Rule 32 has not lapsed, and he will still have ample time file an Alabama Rule 32 petition challenging that judgment as of the date of entry of this recommendation, by which he might then exhaust the present habeas claims. Accordingly, Dickson's unexhausted claims are not procedurally defaulted at this time because it is not "clear from state law that any future attempts at exhaustion would be futile[,]" *Bailey*, 172 F.3d at 1305. The present petition is due to be dismissed without prejudice so Dickson can exhaust his claims through one complete round of state court review.[3]

---

[3] Dickson, however, should be mindful of the one-year statute of limitations that applies to bringing federal habeas petitions. *See* 28 U.S.C. 2244(d)(1). While "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" tolls the limitations period, 28 U.S.C. § 2244(d)(2), "the filing of a petition for habeas corpus in federal court **does not** toll the statute of limitations . . . ." *Rhines v. Weber*, 544 U.S. 269, 274-75 (2005) (emphasis added).

5

B. Certificate of Appealability

In actions such as this one brought under § 2254, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).

Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "A prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). However, "a COA does not require a showing that the appeal will succeed." *Id.* at 337.

Upon consideration, the undersigned finds that Dickson should be **DENIED** a Certificate of Appealability in conjunction with the dismissal of the present habeas petition, as reasonable jurists would at least not find it debatable whether the Court

6

was correct in its procedural ruling dismissing his petition for failure to exhaust.[4]

C. Appeal *In Forma Pauperis*

"An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). A district court's finding "that an appeal would not be in good faith because no certificate of appealability had been issued . . . is not enough to explain why the appeal on the merits would not be in good faith, because the standard governing the issuance of a certificate of appealability is not the same as the standard for determining whether an appeal is in good faith. It is more demanding. . . . [T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000). In other words,

> [a] party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being

---

[4] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by the petitioner, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

7

convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

Considering the foregoing analysis, it is clear that Dickson failed to exhaust his state court remedies prior to bringing the present habeas petition. Accordingly, the undersigned **RECOMMENDS** the Court certify that any appeal by Dickson in this action would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[5]

### III. Conclusion & Recommendations

In accordance with the foregoing analysis, it is **RECOMMENDED** that Dickson's petition for a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 4) be **DISMISSED without prejudice** for failure to exhaust his state court remedies, that the Court find that Dickson is not entitled to either a Certificate of Appealability or to appeal *in forma pauperis*, and that final judgment be entered accordingly in favor of the Respondent.

**DONE** this the 30th day of June 2021.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[5] Should the Court accept the undersigned's recommendation that Dickson be denied leave to appeal *in forma pauperis*, the petitioner may file a motion to proceed on appeal *in forma pauperis* with the Eleventh Circuit Court of Appeals in accordance with Federal Rule of Appellate Procedure 24(a)(5).

8

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.